JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAMUEL SALOMAA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HONDA LONG TERM DISABILITY PLAN, and ERISA PLAN, DOES 1 THROUGH 10, Inclusive,<br><br>　　　　Defendants. | Case No. CV06-0754 AG (FMOx)<br><br>**JUDGMENT IN FAVOR OF DEFENDANT AMERICAN HONDA LONG TERM DISABILITY PLAN** |

On July 3, 2007, the Court took under submission the trial on the Complaint filed by Plaintiff Samuel Salomaa ("Salomaa") against Defendant American Honda Motor Company, Inc. Long Term Disability Plan, erroneously sued as Honda Long Term Disability Plan ("Defendant" or "the Plan").

Now, after consideration of the briefing of the parties, the administrative record, all pleadings and papers on file, and due deliberation having been had, and the Order Affirming the Administrator's Denial of Long Term Disability Benefits having been filed on March 6, 2008, this Court enters judgment as follows:

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4826-7830-2722 v1

CASE NO. CV06-0754 AG (FMOX)
[PROPOSED] JUDGMENT

WHEREAS, Plaintiff Salomaa previously worked for American Honda Motor Company ("American Honda") and was a participant in the Plan, which was funded in part by a group long-term disability ("LTD") policy number FLK 980014 issued by Life Insurance Company of North America ("LINA") and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

WHEREAS Plaintiff submitted a disability claim to LINA under the Plan, asserting that he was totally disabled from his position as a Project Manager for American Honda's E-Business division, primarily due to chronic fatigue syndrome ("CFS").

WHEREAS, LINA investigated and evaluated the claim, but denied LTD benefits to Plaintiff Salomaa. LINA upheld its claims decision on appeal. After exhausting his administrative remedies, Plaintiff filed suit against the Plan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

(1) The Court has applied an abuse of discretion standard of review, tempering its review based on the existence and extent of a conflict of interest. Plaintiff has presented evidence that LINA's conflict of interest went beyond the "inherent" conflict that exists any time a plan administrator both funds and administers the plan, and LINA has offered some evidence in rebuttal. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006 (en banc.); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, No. 05-56824, 2008 U.S. App. LEXIS 334, 2008 WL 80704, at *2 (9th Cir. 2008).

///

(2) The Court has determined that the "objective medical evidence" provision of the Summary Plan Description ("SPD") is inapplicable. This does not mean that LINA's scrutiny of the degree to which Plaintiff supported his application for benefits with objective evidence is improper per se, but only that the SPD is not a legitimate basis for such scrutiny.

(3) To qualify for LTD benefits under the Plan, employees are not only required to establish that they suffer from a sickness or injury, but also that this sickness or injury prevents them from performing the material duties of their occupation such that they are "totally disabled." (AR 527, 552) Because both of these elements must be established, benefits may be rightfully denied solely on the basis that Plaintiff has not shown that he is totally disabled, even if he has established that he suffers from CFS. The Court finds that, even reviewing the decision to deny benefits under the diminished degree of deference required for LINA's conflict of interest, it was not an abuse of discretion for LINA to determine that Plaintiff did not adequately establish total disability and was not entitled to disability benefits under the Plan. Specifically, the Court finds as follows:

 (a) LINA did not abuse its discretion by requiring objective evidence that CFS precluded Plaintiff from performing the duties of his regular occupation. A plan administrator does not act improperly by distinguishing between a medical condition and the extent of the disability resulting from that condition, by requiring objective evidence to establish total disability from one's occupation, regardless of the condition. *See Denmark v. Liberty Life. Assurance Co. of Boston*, 481 F.3d 16, 37 (1st Cir. 2007); *Corry Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 401 (5th Cir. 2007);

///

1  *Fitzpatrick v Bayer Corp.*, No. 04 Civ. 5134, 2008 U.S. Dist. LEXIS
2  3532, at *34 (S.D.N.Y. Jan. 17, 2008).

4        (b)    In reviewing the reports of Plaintiff's doctors, LINA did
5  not abuse its discretion in (a) determining that the reports submitted
6  by Plaintiff's medical experts lacked sufficient objective evidence to
7  establish total disability; and (b) discounting the value of these
8  experts' opinions to the degree they were based almost exclusively
9  on acceptance of Plaintiff's self-reported and subjective complaints.
10 A plan administrator is entitled to be wary when a plaintiff's self-
11 reported symptoms are accompanied by financial incentive to seek
12 disability benefits and when such symptoms essentially must be
13 accepted at face value by the plaintiff's treating physicians. *Maniatty*
14 *v. Unumprovident Corp.*, 218 F.Supp.2d 500, 504 (S.D.N.Y. 2002),
15 *aff'd* 62 F.3d App. 413 (2d Cir. 2003).

17       (c)    LINA did not fail to consult qualified experts to assess
18 Plaintiff's claim. LINA's reviewing doctors, Dr. Manolakas and Dr.
19 Mendez, are "sufficiently qualified to judge" the extent of disability
20 in cases involving CFS. *See Fitzpatrick*, 2008 U.S. Dist. LEXIST
21 3532, *44 (citing *Lee v. Aetna Life and Cas. Ins. Co.*, Mo. 05 Civ.
22 2950, 2007 U.S. Dist LEXIS 38205, 2007 WL 1541009, at *4
23 (S.D.N.Y. May 24, 2007)).

25       (d)    LINA did not abuse its discretion in not giving weight to
26 the Social Security determination made in Plaintiff's favor.
27 ///
28 ///

(e) Although the Court finds the neuropsychological testing of Plaintiff performed seven months after the elimination period ending in February 2005 should be entitled to some weight, LINA did not abuse its discretion in deeming it insufficient to establish Plaintiff's total disability during the elimination period.

(4) The Court affirms the denial of Plaintiff's LTD benefits under the Plan.

(5) The Court denies Plaintiff's claims asserted in the Complaint for (a) all past and future benefits due under the Plan, (2) a declaration that he is disabled under the Plan, and (3) any benefits he could seek under the Plan based on his claim of disability under the LINA policy.

IT IS HEREBY ORDERED that judgment be entered on all claims in the Complaint in favor of Defendant Plan and against Plaintiff Salomaa, that Plaintiff take nothing, and that Defendant recovers its costs of suit against Plaintiff.

DATED: March 18, 2008

_____
HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE